**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Cristo Quintanilla,<br><br>        Plaintiff,<br> -v-<br><br>Old World Italian Food Corp.,<br><br>        Defendant. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

  Plaintiff Cristo Quintanilla ("Plaintiff" or "Quintanilla"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of Defendant Old World Italian Food Corp. ("Defendant" or "OWIFC") respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), he is: (i) entitled to unpaid wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week, and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further complains that he was employed by Defendant and pursuant to the New York Labor Law ("NYLL") he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week, (ii) entitled to an extra hour of pay for each day he worked a spread of hours of more than ten (10) hours and (iii) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations thereunder – 12 NYCRR § 142, 146.

3. Plaintiff is also entitled to unpaid wages including overtime wages, wage deductions, spread of hour wages, and compensation for not receiving notices and statements required by NYLL

§ 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section § 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 USC § 216(b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2202, 2201.

## THE PARTIES

7. Plaintiff Cristo Quintanilla ("Plaintiff" or "Quintanilla") is an adult, over eighteen years old, who currently resides in Suffolk County in the State of New York.

8. Upon information and belief and all times relevant herein, Defendant Old World Italian Food Corp ("Defendant" or "OWIFC") was a for-profit corporation with a place business located in Suffolk County, New York at 2201 Jericho Tpke Commack NY 11725, where Plaintiff was employed.

## STATEMENT OF FACTS

9. Upon information and belief, and at all relevant times herein, Defendant was engaged in the restaurant business.

10. Upon information and belief, and at all relevant times herein, Defendant employed 40 or more employees.

11. Plaintiff was employed by Defendant from in or around April 2019 to present – Plaintiff is currently employed by Defendant as of the date of this complaint.

12. At all times relevant herein, Plaintiff was employed by manual kitchen worker performing all physical and manual tasks within this capacity including cooking, making pizza dough, preparing foods, and cleaning, etc.

13. At all times relevant herein, Plaintiff was an hourly employee of Defendant and his last regular rate of pay was about $19.00 an hour.

14. At all times relevant herein, Plaintiff worked about 65-78 or more hours each week for Defendant – about 13 or more hours a day, 5-6 days a week, with the exception of about 2-3 weeks each year.

15. At all times relevant herein, Plaintiff was paid at his straight regular rate for his overtime hours worked (hours over 40 in a week) each week - Defendant paid Plaintiff by separate transaction for his overtime hours each week at his straight regular hourly rate.

16. At all times relevant herein, Plaintiff worked a spread of hours of more than 10 hours a day for each day during his employment with Defendant, with the exception of about 2-3 weeks each year.

17. A more precise statement of the hours and wages may be made when Plaintiff obtains the wage and time records Defendant was required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendant was required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

18. At all times relevant herein, Defendant failed to pay Plaintiff at a rate of at least 1.5 times his regular rate for each and all overtime hours (hours over 40 in a week) worked in each week during his employment with Defendant.

19. At all times relevant herein, Defendant did not provide Plaintiff with the notice(s) required

by NYLL 195(1). See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

20. At all times relevant herein, Defendant did not provide Plaintiff with the statement(s) required by NYLL 195(3) – the statements provided to Plaintiff did not contain all the hours worked by Plaintiff and did not state all wages earned by Plaintiff, among other deficiencies. See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

21. Upon information and belief, and at all times relevant herein, Defendant had revenues and/or transacted business in an amount exceeding $500,000 annually.

22. At all times applicable herein, Defendant conducted business with vendors and other businesses outside the State of New York.

23. At all times applicable herein and upon information and belief, Defendant conducted business in interstate commerce involving equipment, and supplies.

24. Defendant as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

25. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

26. At all times applicable herein and upon information and belief, Defendant transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

27. At all times applicable herein and upon information and belief, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail and telephone systems.

28. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies. See i.e. *Veltri v. Building Service 32B-J Pension Fund*, 393 F.3d 318, 324 (2d Cir. 2004); *Kim v. Kum*

*Gang, Inc.,* No. 12 CIV. 6344 MHD, 2015 WL 2222438, at 33–34 (S.D.N.Y. Mar. 19, 2015).

29. "Plaintiff" as used in this complaint refers to the named Plaintiff.

30. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Overtime)

31. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 30 above as if set forth fully and at length herein.

32. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA – 29 U.S.C 201 et Seq.

33. At all times relevant to this action, Defendant constituted an enterprise (s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207(a).

34. Upon information and belief and at all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

35. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff, overtime compensation at rates not less than 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

## Relief Demanded

36. Plaintiff is entitled to recover from Defendant, his unpaid overtime wage compensation, plus maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq. (Unpaid Overtime + SOH)

37. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 35 above as if set forth fully and at length herein.

38. At all times relevant to this action, Plaintiff were employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142, 146.

39. At all times relevant herein, Defendant failed to pay and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2 and 12 NYCRR § 146-1.4.

40. At all times relevant herein, Plaintiff worked a spread of hours of more than ten (10) hours each day during the period of his employment with Defendant but Defendant failed to pay Plaintiff an additional hour of pay for each such day in violation of the New York Minimum Wage Act, New York Labor law § 650 et seq., including 12 NYCRR § 142-2.4 and 12 NYCRR § 146-1.6.

**Relief Demanded**

41. Plaintiff is entitled to recover from Defendant, his unpaid overtime wages, spread of hours wages, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663(1).

**AS AND FOR A THIRD CAUSE OF ACTION**
**NYLL § 190, 191, 193, 195 and 198**

42. Plaintiff alleges and incorporates each and every allegation contained herein with the same force and effect as if fully set forth at length herein.

43. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the

6

applicable regulations thereunder.

44. Defendant violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff his unpaid overtime wages, (FLSA and NYMWA), spread of hour wages, wage deductions, as required under NY Labor Law § 190 et seq.

45. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL § 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-b), as well as an injunction directing Defendant to comply with NYLL § 195(1).

46. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL § 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-d), as well as an injunction directing Defendant to comply with NYLL § 195(1).

## Relief Demanded

47. Plaintiff is entitled to recover from Defendant, his entire unpaid wages, including his unpaid overtime wages (FLSA and NYMWA), spread of hours wages, wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

48. Declare Defendant to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder;

49. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the

FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

50. As to the **Second Cause of Action**, award Plaintiff his unpaid overtime, and spread of hours wages, due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, 146-1.4, 146-1.6, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

51. As to the **Third Cause of Action**, award Plaintiff, his unpaid wages including his entire unpaid wages, including his unpaid overtime wages, (FLSA and NYMWA), spread of hours wages, wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

52. Award Plaintiff prejudgement interest on all monies due;

53. Award Plaintiff any relief requested or stated in the preceding paragraphs, but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

54. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
           **April 30, 2022**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

  /s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF

8